STATE ex rel. ENGLE et al., Relators, v. DISTRICT COURT of THIRTEENTH JUDICIAL DISTRICT et al., Respondents.

No. 8679

Submitted July 17, 1946. Decided November 22, 1946.

174 Pac. (2d) 582

320

Mr. P. F. Leonard, of Miles City, and Mr. Albert Anderson, of Helena, for relators.

Mr. E. E. Fenton, of Hysham, for respondents.

Mr. Thomas Dignan, of Glasgow, and Mr. G. J. Jeffries, of Roundup, amici curiae on petition for rehearing only.

MR. JUSTICE CHEADLE delivered the opinion of the court.

On petition for rehearing the original opinion herein is withdrawn and the following substituted:

In response to petition of relators herein, this court on June 21, 1946, issued its alternative writ of prohibition, commanding the defendants to vacate and set aside the following orders and rulings made in that certain cause pending in the district court named, wherein Ralph Swanson and Lewis Plotts are relators and Clark Engle, Chris Good, Elmer Quanbeck, Earl Talcott and Forrest Chenoweth are defendants, to-wit: the order over-ruling objections of the defendants to jurisdiction of the court, the order denying the motion to quash the alternative writ of mandate and the order overruling the demurrer; and further commanding that an order be made sustaining the defendants' objections to the jurisdiction of the court and quashing the alternative writ of mandate and sustaining the demurrer; that in default thereof the defendants therein show cause before this court at a date specified why they have not done so.

Thereafter the defendants filed motion to quash the alternative writ, and return and answer thereto, the latter stipulating that it was filed without waiving the motion to quash. The matter was argued orally before this court on the 17th day of July, 1946, and briefs were submitted by both parties. On that date an order was duly made denying the writ prayed for and dismissing the petition. Such order noted that a formal written opinion would be filed at a later date.

Summarized, the petition alleges that the Buffalo Creek Co-operative State Grazing District is a non-profit corporation organized under the provisions of Chapter 208 of the Laws of 1939, as amended, and that relators are the directors thereof; that said district and the directors thereof, in accordance with said law, are under the supervision, power and control of the Montana Grass Conservation Commission which is authorized by law to carry out the purpose and intent of the Grass Conservation Act, having power to require the district to use forms prepared by said commission and to comply with all orders of the commission; that the commission is authorized to hold hearings within the district and to require the members, officers and those interested in said district to appear with the records and

to testify, and to require compliance with any lawful order of the commission.

It is further alleged that the relator district acquired forage lands for grazing from private persons and from the state and Yellowstone county and the United States, and that the commission, with the consent of the district, entered into contracts and agreements with the United States and its agencies; that the district has allotted range and grazing permits to members thereof and those entitled thereto as provided by law and under the supervision of the commission, retaining the right to decrease or increase the size of such permits if the range-carrying capacity within the district changes; that the provisions of Chapter 144, Laws of 1945, caused many changes in the ownership, contracts and leases and the use of the range controlled by said district, all of which will require new adjustments and re-allotments of the said range to members and non-members and the rights of the persons claiming ownership under said Chapter, or who have redeemed, and that the rights of said district and of those acting through agencies of the United States remain unsettled but are being promptly adjusted by the district under the supervision of the commission;

That on or about March 16, 1946, the said district, after due hearing with the members thereof, made allotments and granted grazing permits for the year 1946 to the members of the district and notified each thereof, and requested them if they believed that changes should be made in their preference classification or grazing allotment to file a statement to that effect with the district, indicating the specific changes that they believed should be made, with their reasons; that among those given preference classifications and grazing allotments were Ralph Swanson and Lewis Plotts, members of the said district, who did not respond to such notice by filing objections nor indicate what specific changes should be made, and did not appeal to the commission from the preference and allotment given them, and did not pursue or exhaust the plain, speedy and adequate remedy provided by the said law.

The petition then alleges the filing of the petition by Swanson and Plotts, which is above referred to, in the district court; that pursuant thereto the said district court issued and there was served upon relators an alternative writ of mandate requiring the directors to annul the grazing allotments made in said district for the year 1946 and to make new allotments, or to show cause why they had not done so; that pursuant to such writ the relators filed written objections to the jurisdiction of said court, a motion to quash said writ of mandate and a demurrer to the said petition, on the grounds that the said district court did not have jurisdiction of the relators herein or of the subject matter set forth in said petition, and that the petition did not state a cause of action on which that court could take jurisdiction; that the objections of the relators were overruled and they were required to answer and stand trial before the said district court and be subject to the jurisdiction thereof, and that unless prevented the said court intends to and will take jurisdiction and attempt to supervise, control and regulate the said grazing district and deprive the directors thereof of jurisdiction and the Montana Grass Conservation Commission of its right and authority to control and supervise the Grass Conservation Act.

The relators' petition for a writ of mandate in the court below substantially alleged that relators were members of, and the owners of, a livestock ranch within the Buffalo Creek Grazing District; that the use of the range within such grazing district was and is required in connection with said ranch lands in order to maintain the proper use thereof as a livestock ranch, and that said ranch lands constitute dependent commensurate property as defined in subdivision 9, section 2, Chapter 208, Laws of 1939, as amended by section 1, Chapter 199, Laws of 1945; that within one year after March 17, 1939 (the time limit prescribed by Chapter 208, supra) the plaintiffs applied to the district for, and were granted, a grazing preference for 206 animal units, which preference has ever since been and now is, a valuable property right appurtenant to petitioner's ranch lands;

That the grazing preferences appurtenant to dependent commensurate properties are designated by the district as class one preferences (relators' preference being in class one), and the grazing preferences granted in connection with commensurate properties are designated by the district as class two preferences; that prior to January 30, 1946, the directors fixed the carrying capacity for the grazing season of that year at 20 animal units per section of land, and determined that because of the diminished range area resulting from sales of county lands in the district the remaining area was insufficient for class one and class two members; that such remaining area was nevertheless greater than required to furnish grazing for the entire number of animal units comprising all of the class one preferences; that on March 16, 1946, the directors, refusing to take into consideration the rating of dependent commensurate property, classified all members of the district as temporary permittees, having neither class one nor class two preferences, and allotted all 1946 grazing without consideration of the rating of dependent commensurate property and without regard to the grazing preference of any member of the district, and relators were allowed only a temporary permit for the grazing of 152 animal units; that thereby the directors have attempted to deprive relators of the grazing preference appurtenant to their dependent commensurate property and threaten and intend to continue so to do; that such acts were wholly without warrant or authority of law, were void and illegal and violative of the due process clause of the Federal Constitution; that it is the manifest legal duty of the directors to vacate such illegal allotments of the 1946 grazing, and to grant all grazing applications of class one preference holders, including plaintiffs, and to then rateably allot all remaining grazing among class two preference holders.

In response to the application for writ of mandate in the court below, the directors filed a demurrer, motion to quash and objection to jurisdiction. As before noted, each of these was overruled. In a memorandum opinion the district judge said:

"The court is of the opinion that the facts pleaded in the

petition bring this cause within the rule enunciated in State ex rel. Wilson v. Weir et al., 106 Mont. 526, 79 Pac. (2d) 305.

"If the facts set forth in the petition be true it became the mandatory duty of the defendants to make an order distributing grazing preferences in the district in accordance with the rights already established, and without the signing of the letter of acceptance, set forth as Exhibit B, copy of which is attached to the petition, or without requiring the allocation of grazing privileges as set forth in Exhibit A, copy of which is attached to the petition."

It is to be noted that contrary to the allegation of the petition herein, in response to the notice of allocation of grazing privileges directed to Swanson and Plotts, the latter filed voluminous written objections protesting the method used by the directors in allotting 1946 grazing privileges, with the demand that the directors re-apportion the same in accordance with the by-laws of the district and the statutes of Montana.

In the proceeding below the plaintiffs therein based their rights under their class one preference and contended that the directors violated the law and acted without lawful authority in refusing to consider the rating of dependent commensurate property and in classifying all members as temporary permittees. Such alleged rights and such contentions are based upon the following provisions of Chapter 208, Laws of 1939, and Chapter 199, Laws of 1945:

"This act may be cited as the 'grass conservation act'. Its purpose is to * * * provide for the stabilization of the livestock industry and the protection of dependent commensurate ranch properties as defined herein." Sec. 1, Chapt. 208, Laws of 1939.

"A 'grazing preference' is a right to obtain a grazing permit from a state district. It is attached to dependent commensurate property except as provided in this act." Subdiv. 5, sec. 2, Chapt. 208, Laws of 1939, and sec. 1, Chapt. 199, Laws of 1945.

"Grazing preferences shall run with and be appurtenant to,

the dependent commensurate property, upon which they are based. * * *

"When the land to which a preference is attached shall change its control or ownership such preference shall change with the land * * *." Sec. 22, Chapt. 208, Laws of 1939.

"Each state district organized under this act shall have the power: * * *

"4. To manage and control the use of its range. This power shall include the right to determine the size of preferences and permit according to a fixed method which shall be stated in the by-laws and which shall take into consideration the rating of dependent commensurate property * * *." Sec. 12, Chapt. 208, Laws of 1939.

In section 20, Chapter 208, Laws of 1939, as amended by section 5, Chapter 199, Laws of 1945, it is provided: "When a state district is organized, grazing preferences shall be distributed in the following manner: Any member of a state district owning or controlling dependent commensurate property as heretofore defined may be given a grazing preference. If the carrying capacity of the range exceeds the reasonable needs of members owning or controlling dependent commensurate property, members owning or controlling commensurate property shall have the preference. If the carrying capacity of the range exceeds the reasonable needs of members owning or controlling dependent commensurate property or commensurate property, temporary grazing permits may be issued to non-members or members * * *."

It appears from the application for writ of mandate in the ▇▇▇ court below that the defendants named therein classified all owners of class one and two preferences as temporary permittees, and issued 1946 grazing permits on that basis. Accordingly the plaintiffs, who had a class one preference appurtenant to their lands for the grazing of 206 animal units, were granted only a temporary permit for the grazing of 152 animal units for the 1946 season. The question presented to the court below was whether or not the defendants (the relators here) violated

the provisions of the grazing act. The district court, in overruling the objections of the defendants to the plaintiffs' petition, by implication held in the affirmative, and that the acts charged were without warrant or authority of law and were void. Under these circumstances, and since no question of discretion was presented, the court concluded that it had jurisdiction to entertain the petition and to issue the writ of mandate complained of. By filing demurrer to and motion to quash the petition, the factual allegations thereof were, for the purpose of such pleadings, admitted. Accepting such as true we are of the opinion that the court correctly assumed jurisdiction in overruling the defendants' pleadings and objections. We think that the rule enunciated in State ex rel. Lien v. School District, 106 Mont. 223, 76 Pac. (2d) 330, 333, is applicable. There this court said: ''It is here argued that the board has exercised its discretion and that mandamus will not lie to control that discretion. True, the board has acted, but acted erroneously upon a preliminary question of law. The courts will by mandamus control the decision of a purely preliminary question of law. State ex rel. Woodward v. Moulton, 57 Mont. 414, 189 Pac. 59. * * * We cannot control the board's discretion but we can compel the exercise of it in a lawful manner.''

The district court held that the rights of the members of the ▉ district had already been established and all that remained was for the district officials to apportion the 1946 grazing permits in accordance with the applicable statutes, a purely ministerial duty. From the allegations of the petition in that court, which must be accepted as a true statement of the facts, the court below properly held that the directors proceeded in violation of such statutes, to the injury of plaintiffs.

The relators here insist that the trial court by assuming jurisdiction of the petition below has, in effect, taken over and assumed the duties of the directors of the grazing district, and will proceed to the discharge of such duties and functions. We believe that relators' apprehensions are unfounded. As we view it, the district court has simply undertaken to compel relators

to enforce the provisions of the statutes involved. It occurs to us that both parties are and should be interested in an interpretation of such statutes in accordance with the actual facts involved in this controversy, which may be different from those alleged in the petition below and deemed admitted for the purpose of its disposition.

Nothing we have said is to be construed as the expression of opinion on the merits of the principal action, which must be disposed of as the facts developed may indicate. We expressly refrain from any pronouncement which might foreclose us from a full investigation and determination of the matter should it subsequently be presented to us.

The petition is denied.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair and Angstman concur.